**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GARY HANLEY on behalf of himself and others similarly situated,<br>        Plaintiff, | )<br>)<br>)<br>) | 1:12-cv-4158 |
| | ) | Judge Castillo |
|                            v. | )<br>) | Magistrate Judge Nolan |
| GREEN TREE SERVICING, LLC,<br>        Defendant. | )<br>)<br>)<br>) | JURY DEMANDED |

### PLAINTIFF'S OPPOSITION TO GREEN TREE'S MOTION TO DISMISS

Green Tree urges dismissal of this case on two grounds. <u>First</u>, it claims that the complaint is defective because plaintiff has not pleaded the absence of consent. <u>Second</u>, it claims that plaintiff has not pleaded enough facts to support claims for "willful or knowing" violations.

Both arguments fail.

This Court has already rejected the first argument on procedural grounds: "'express consent' is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof." *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 2012 WL 983774 (N.D.Ill. Mar. 20, 2012). The complaint should not be dismissed on this ground.

Green Tree's second argument, too, fails. Fed.R.Civ.P. 9(b) specifically permits a plaintiff to plead state of mind to generally: "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Plaintiff alleges generally that Green Tree's actions

were negligent, or alternatively, willful or knowing. Cmplt. ¶ 13. Nothing more is required, and the motion to dismiss should be denied.

Substantively, Green Tree's "prior express consent" argument fails too, because plaintiff alleges that he revoked any consent to be called. The "willfulness" argument fails on its face because the complaint alleges facts sufficient to state a claim that Green Tree acted willfully or knowingly.

In sum, this motion to dismiss should be denied.

## I.     **Motion to Dismiss Standard**[1]

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir.2009). When reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the non-movant's favor. Id. Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir.2008) (quoting Fed.R.Civ.P. 8(a)(2) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[1] This standard is largely taken from *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 2012 WL 983774 (N.D.Ill. Mar. 20, 2012).

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal citations omitted).

Finally, affirmative defenses are generally not an appropriate grounds for dismissal at the complaint stage because plaintiffs are not required to plead facts in the complaint to anticipate and defeat affirmative defenses. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir.2005) (citing *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)); see also *Indep. Trust Corp. v. Stewart Info. Serv. Corp.*, 665 F.3d 930, 935 (7th Cir.2012). Nonetheless, where a plaintiff's complaint "sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Indep. Trust Corp.*, 665 F.3d at 935 (citing *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir.2009)).

## II.    The Telephone Consumer Protection Act

Advances in telecommunications technology have provided benefits to American society. But those benefits are not cost-free; new technologies bring with them new ways to intrude upon individual privacy and waste the time and money of consumers. The 1980s and 90s brought an explosion of abuses of telephone and facsimile technology, including the use of autodialers to clog telephone lines with unwanted calls, "robocalls" that leave unsolicited or unwanted, prerecorded messages, and "junk faxes" that consume the recipients' paper and ink and interfere with the transmission of legitimate messages.

"Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 744 (2012). In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call

3

them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

Toward this end, Congress found that,

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion,

Id. at § 12; cited in *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012). Congress also specifically found that,

> the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call….

*Id*. at §§ 12-13. See also, *Mims*, 132 S.Ct. at 744. Judge Easterbrook stated it this way:

> The Telephone Consumer Protection Act (TCPA or "the Act"), 47 U.S.C. § 227, is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir.2012).

## III.  Facts

The facts in the complaint are simple: the TCPA prohibits calling cellular telephones using an automatic telephone dialing system. Defendant called plaintiff's cellular telephone several times over the past four years using an automatic telephone dialing system and/or an artificial or prerecorded voice, after plaintiff demanded that the calls stop. Cmplt ¶7. Defendant

also called other persons' cellular telephones using telephone equipment regulated by the TCPA, after those persons asked that the telephone calls cease. Cmplt ¶8.

## IV.    The Complaint States a Cause of Action Under the TCPA.

### A. Prior Express Consent Is an Affirmative Defense, and is Not Required to be Pleaded.

This Court was correct when it recently held that "'express consent' is not an element of a TCPA plaintiff's prima facie case, but rather is an affirmative defense for which the defendant bears the burden of proof." *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 2012 WL 983774 (N.D.Ill. Mar. 20, 2012). The relevant subsection of the TCPA that mentions consent, 47 U.S.C. §227(b)(1)(A), frames "prior express consent" in a parenthetical, and uses the phrase "other than," which clearly creates an *exception* to the general rule that autodialed and prerecorded message calls are prohibited. It is black-letter law that the proponent of a federal statutory exception bears the burden to show such. *FTC v. Morton Salt Co.*, 334 U.S. 37, 44-45 (1948).

This analysis is consistent with Federal Communications Commission final orders, which unequivocally hold that "To ensure that creditors and debt collectors call only those consumers who have consented to receive autodialed and prerecorded message calls, we conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008). This, and all other final orders from the FCC, is the Law of the Land, and is not reviewable except through the Administrative Review Act, otherwise known as the Hobbs Act. *CE Design, Ltd. v. Prism Business Media, Inc.*, 606 F.3d 443, 446 (7th Cir. 2010).

Green Tree's argument seems to be that the facts in the complaint, with inferences taken in defendant's favor, suggest that plaintiff may have consented to the calls at issue. But this position

ignores that the court takes all reasonable facts and inferences are to be taken in favor of the plaintiff, not defendant, when considering a Rule 12 motion. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir.2009). That is not how pleading works; the motion should should be denied.

### B. Green Tree's Motion Lacks "proof" of Essential Elements of the Defense.

Furthermore, the motion to dismiss fails to "prove" essential elements of the "prior express consent" defense. The elements that a debt collection defendant must prove to lodge a successful "prior express consent" affirmative defense include: (1) the called party provided the cell phone number called, (2) to the creditor, (3) prior to the calls, (4) in connection with the transaction that resulted in the alleged debt owed. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 564-65, ¶¶9-10 (Jan. 4, 2008). A defendant's burden of proof is "clear and convincing evidence." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14,014 at ¶¶112, 115, 150, 178 (July 3, 2003).

Green Tree's motion fails to "prove" these elements. Most important, Green Tree fails to allege prove any connection between the documents it attaches and the calls alleged in the complaint. True, plaintiff alleges that he has a mortgage with Green Tree, but that is all that is contained in the complaint. It is the defendant's burden to demonstrate, through *actual evidence*, that the documents it has show consent for the calls it made. This was emphasized by the FCC in 2008:

> We emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that ***such number was provided during the transaction that resulted in the debt owed***.

> To ensure that creditors and debt collectors call only those consumers who have consented to receive autodialed and prerecorded message calls, we conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent.

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GC 02-278, 23 FCC Rcd. 559, 565 available at 2008 WL 65485 ¶10 (Jan 4. 2008)(emphasis and paragraph breaks added); *Ryabyshchuk v. Citibank (South Dakota) N.A.*, 2011 WL 5976239 (S.D.Cal. Nov. 28, 2011).

Because Green Tree's motion lacks reference to this essential element, its motion to dismiss should be denied for this additional reason.

### C. Plaintiff Effectively Revoked Consent.

Aside from the fact that Green Tree's motion fails to connect the dots to "prove" its prior express consent defense, plaintiff has pleaded that the calls at issue in the complaint were made after plaintiff had demanded that the calls cease and desist. Cmplt.¶7. This operated as a valid revocation of consent.

The TCPA is designed to protect consumers against unwanted automated calls. *Mims*, 132 S.Ct. at 744. Congress specifically found that passing a federal law banning such calls was the "only effective means of protecting telephone consumers from this nuisance and privacy invasion." TCPA, Pub.L. No. 102–243, § 12. Prohibiting revocation of consent would eviscerate the sound policy of empowering consumers to decide on what phone number they receive automated calls.

This was the determination of the FCC in its 2008 order, when it reiterated its finding sixteen years earlier that,

persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, ***absent instructions to the contrary***." (Emphasis added).

Plaintiff provided Green Tree "instructions to the contrary" when he asked that the calls stop.

The FCC's opinion that consent may be revoked has been echoed in nearly every case to consider the issue. *Sengenberger v. Credit Control Services, Inc.*, 2010 WL 1791270 (N.D.Ill. May 5, 2010), *reconsideration granted, opinion adhered to*, 2010 WL 6373008, (June 17, 2010) (Zagel, J.); *Adamcik v. Credit Control Servs.*, 832 F.Supp.2d 744 (W.D. Tex. 2011); *Gutierrez v. Barclays Grp.*, 0cv1012 DMS (BGS), 2011 U.S. Dist. LEXIS 12546, 2011 WL 579238, *4 (S.D. Cal. Feb. 9, 2011); *Moore v. Firstsource Advantage*, LLC, 07-CV-770, 2011 U.S. Dist. LEXIS 104517, *30-31 (W.D.N.Y. Sept. 15, 2011); *Moltz v. Firstsource Advantage, LLC*, 08-CV-239S, 2011 U.S. Dist. LEXIS 85196, 2011 WL 3360010, *5 (W.D.N.Y. Aug. 3, 2011); *Cunningham v. Credit Mgmt., L.P.*, 3:09-cv-1497-G (BF), 2010 U.S. Dist. LEXIS 102802, 2010 WL 3791104, at *5 (N.D. Tex. Aug. 30, 2010) (magistrate judge); *Starkey v. Firstsource Advantage, LLC*, 07-CV662A, 2010 U.S. Dist. LEXIS 60955, 2010 WL 2541756, at *6 (W.D.N.Y. Mar. 11, 2010).

One case cited by Green Tree says that consent once given cannot be revoked: *Gager v. Dell Fin. Servs., LLC*, 3:11-cv-2115, 2012 U.S. Dist. LEXIS 73752 (M.D.Pa., May 29, 2012). This notion is inconsistent with the ordinary legal concept of "consent."

For example, Black's Legal Dictionary defines "consent" as follows:

Consent, n. (14c) 1. Agreement, approval, or permission as to some act or purpose, esp. given voluntarily by a competent person; legally effective assent. • Consent is an affirmative defense to assault, battery, and related torts, as well as such torts as defamation, invasion of privacy, conversion, and trespass. Consent may be a defense to a crime if the victim has the capacity to consent and if the consent negates an element of the crime or thwarts the harm that the law seeks to prevent. See Model Penal Code § 2.11.

Black's Law Dictionary (9th Ed. 2009).

There is no agreement, approval, or permission or "consent" if the called party instructs the caller to cease and desist, as is alleged in paragraph 7 of the complaint. See also, Restatement 2d, Torts, § 892A, comment i ("The consent is terminated when the actor knows or has reason to know that the other is no longer willing for him to continue the particular conduct. This unwillingness may be manifested to the actor by any words or conduct inconsistent with continued consent or it may be apparent from the terms of the original consent itself, as when a specified time limit expires."). See also, Prosser & Keeton on Torts (Hornbook series) §18 (5th Ed. West 1984)

The Seventh Circuit implicitly recognized that a consumer may revoke in *Soppet v. Enhanced Recovery Company, Inc., Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637 (7th Cir. May 11, 2012). Soppet decided that consent did not "transfer" from one consumer to another when an actual debtor cancels his phone contract and an innocent bystander takes possession of the debtor's old phone number. The Seventh Circuit characterized the defendant's argument that the bystander (who received the autodialed calls) must revoke consent to receive the calls as "odd." The inference from this comment by Judge Easterbrook is that the debtor himself may revoke consent. This proposition seems to have been so fundamental that the *Soppet* court did not feel the need to explain.

Without developing the argument, Green Tree mentions in passing that the Court should require consent in writing, and hold that oral revocation of consent is ineffective. There is no justification for such a distinction in the statute or the FCC rules. After all, the TCPA regulates the equipment used for *oral* communications by telephone. It naturally follows that a

consumer that receives unwanted call may, during those calls, instruct the caller to cease and desist. The TCPA is designed to protect *consumers'* privacy; it is not designed to protect a creditor's "right" to use automated dialing equipment. The motion to dismiss should be denied.

## V.     Plaintiff has Sufficiently Pleaded that the Calls were Willful.

Federal Rule of Civil Procedure 9(b) states the following:

> (b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Consistent with this Rule, plaintiff generally alleges that Green Tree's conduct was willful. Nothing more is required.

The standard for "willful" under the Telecommunications Act appears in 47 U.S.C. §312(f)(1):

> **(f) "Willful" and "repeated" defined**
>
> **For purposes of this section:**
>
> **(1)     The term "willful", when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this chapter or any rule or regulation of the Commission authorized by this chapter or by a treaty ratified by the United States.**

The majority of courts to consider the issue have determined that this standard applies to TCPA claims. *State of Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 899 (W.D. Tex. 2001). Accord, *Adamcik v. Credit Control Servs.*, 832 F. Supp. 2d 744 (W.D.Tex. 2011); *Covington & Burling v. International Mktg. & Research, Inc.*, No. Civ. A. 01-0004360, 2003 D.C. Super. LEXIS 29, 2003 WL 21384825, at *8 (D.C. Super. Apr. 16, 2003). *Charvat v. Ryan*, 116 Ohio St.3d 394, 879 N.E.2d 765, 770-771 (2007).

The issue of whether calls were "willful" was considered on summary judgment in *Sengenberger v. Credit Control Services, Inc.*, 2010 WL 1791270, at *6 (N.D.Ill. May 5, 2010), *reconsideration granted, opinion adhered to*, 2010 WL 6373008, (June 17, 2010) (Zagel, J.). Judge Zagel held that the debt collection defendant willfully and knowingly violated the TCPA because they "intentionally made the contested phone calls to Plaintiff." The *Sengenberger* court also noted that "courts have generally interpreted willfulness to imply only that an action was intentional." *Id*. citing *Smith v. Wade*, 461 U.S. 30 (1983).

In addition, Judge Zagel noted that "the Communications Act of 1943, of which the TCPA is a part, defines willful as 'the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[ ], rule or regulation.'" Id., quoting 47 U.S.C. § 312(f). Accord, *Stewart v. Regent Asset Management Solutions, Inc.*, 1:10-CV-2552- CC-JFK, 2011 U.S. Dist. LEXIS 50046 (N.D.Ga., May 4, 2011), adopted 2011 U.S. Dist. LEXIS 58600 (N.D. Ga., May 31, 2011).

Plaintiff has alleged sufficient facts to support a finding of willfulness, and the motion to dismiss should be denied.

**CONCLUSION**

For the forgoing reasons, the motion to dismiss should be denied in its entirety.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020

Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com