**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **GARY HANLEY on behalf of himself and others similarly situated,** | ) ) ) | |
| Plaintiff, | ) ) | 1:12-cv-4158 |
| v. | ) ) | Judge Castillo |
| **GREEN TREE SERVICING LLC.,** | ) ) ) | |
| Defendant. | ) | |

**REPLY IN FURTHER SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

**I.    INTRODUCTION**

Plaintiff's opposition to GreenTree Servicing LLC's ("GreenTree") Motion to Dismiss barely responds to any of the points that GreenTree raised in support of dismissal.[1] Instead, Plaintiff spends much of his response detailing the history of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and referring to dictionary definitions of "consent." Plaintiff does nothing to refute the fact that Plaintiff repeatedly provided his cellular telephone number to GreenTree in connection with his mortgage loan, including in his loan application. The allegations of his Complaint—along with the key documents demonstrating that he freely gave his cell phone number to GreenTree that were attached to GreenTree's Motion to Dismiss—demonstrate that his TCPA claim fails because he expressly consented to receive calls on his cell phone. Further, he does not point to any law stating that revocation of consent is

---

[1]    Preliminarily, Plaintiff's opposition violates the Local Rules of Civil Procedure in two respects. First, the type size is smaller than 12 point font. *See* N.D. Ill. L. R. 5.2(c)(1). Second, there is no certificate of service attached. *See* N.D. Ill. L. R. 5.5(b).

permitted under the TCPA. Finally, Plaintiff fails to overcome the fact that his entirely conclusory allegation that GreenTree acted "willfully" does not suffice under the governing pleading standard to survive a motion to dismiss. Therefore, the Court should dismiss Plaintiff's Complaint.

## II. ARGUMENT

### A. Prior Express Consent Is Established.

In his opposition to GreenTree's Motion to Dismiss, Plaintiff attempts to make an issue out of the fact that GreenTree "fails to 'prove' essential elements of the 'prior express consent' defense." Pl. Resp., p. 6. Yet, Plaintiff ignores the fact that his Complaint and the indisputably authentic documents attached to GreenTree's Motion establish the elements of prior express consent. So long as these elements are evident from Plaintiffs' Complaint and the documents that are the basis for Plaintiff's claims, GreenTree succeeds on its Motion. *See, e.g., Hecker v. Deere & Co.*, 556 F.3d 575, 582-83 (7th Cir. 2009) (when considering a motion to dismiss, indisputably authentic documents central to plaintiff's claim may be properly considered); *ABN AMRO, Inc. v. Capital Int'l Ltd.*, No. 04 C 3123, 2007 U.S. Dist. LEXIS 19601, at *15 (N.D. Ill. Mar. 16, 2007) ("[C]ourts will consider documents attached to a motion to dismiss, but not to the complaint, where the complaint refers to the documents and they are central to the plaintiff's claim.").

Plaintiff largely responds to GreenTree's Motion with the hyper-technical argument that consent is an affirmative defense that his Complaint need not have anticipated. While it is true that as a general matter complaints need not anticipate affirmative defenses to survive a motion to dismiss, *Gomez v. Toledo*, 446 U.S. 635, 640 (1980), the exception exists where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *see also Thrasher-Lyon*

2

*v. Ill. Farmers Ins. Co.*, No. 11 C 04473, 2012 U.S. Dist. LEXIS 50560, at *7-10 (N.D. Ill. Mar. 20, 2012) (in construing the TCPA, the Court acknowledged that a motion to dismiss may be granted if a consent affirmative defense is established).

Plaintiff does not dispute that prior express consent is deemed to exist if: (1) the wireless number was provided by the consumer to the creditor, and (2) such number was provided during the transaction that resulted in the debt owed. *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, Request of ACA Int'l for Clarification and Declaratory Ruling*, 23 FCC Rcd. 559, 564-65 (2008).

The crux of Plaintiff's Complaint is his contention that GreenTree "called plaintiff's cellular telephone on multiple occasions over the past four years using an automatic telephone dialing system and/or an artificial or prerecorded voice, after plaintiff demanded that the calls stop." Compl., ¶ 7. Plaintiff admits that Green Tree "is the servicer of the mortgage for plaintiff's home." *Id.* at ¶ 5. There is no dispute that Plaintiff applied for the loan ultimately serviced by GreenTree by submitting his "Uniform Residential Loan Application" (the "Application"), the authenticity of which Plaintiff does not dispute.[2] In the Application, he listed his telephone number as: 630-xxx-5690, the same cellular telephone number he complains GreenTree subsequently telephoned. *See* Application, Borrower Information; Compl., ¶ 4.[3]

There is also no dispute that thereafter, on February 25, 2012, Plaintiff applied to GreenTree for a mortgage loan modification under the federal government's "Making Home

---

[2] A true and correct copy of Plaintiff's Application, with identifying information redacted only, was attached to GreenTree's Motion to Dismiss as Exhibit A.

[3] Consistent with the Complaint which omits the three middle digits of Plaintiff's cellular telephone number, the three middle digits have been omitted herein and redacted in the Application.

Affordable Program." *See* Making Home Affordable Program Application (the "MHA Application").[4] As he did in the Application before it, Plaintiff provided his cellular telephone number in the MHA Application as 630-xxx-5690. In support of the MHA Application, Plaintiff provided his executed Form 4506-T, Request for Transcript of Tax Return which again provided Plaintiff's cellular telephone number as: 630-xxx-5690.[5] The Court may consider these three documents as they not only are the basis of Plaintiff's claims, but they are indisputably authentic and are typically the type of documents that form the basis for the relationship between debtors and their creditors. *See, e.g.,* 23 FCC Rcd. at 565 n.36. The FCC has recognized that "the telephone number is provided by the customer for purposes [of] receiving calls, for example, as part of the credit application." *Id.*

As Plaintiff himself notes in his opposition, it is GreenTree's "burden to demonstrate, through *actual evidence*, that the documents it has show consent for the calls it made." Pl. Resp., p. 6. GreenTree has met this burden. The documents attached to GreenTree's Motion to Dismiss demonstrate that Plaintiff provided his cell phone number to GreenTree "during the transaction that resulted in the debt owed." In other words, Plaintiff provided his cell phone number to GreenTree in connection with his Application and then his subsequent MHA Application for a loan modification to his existing mortgage loan that GreenTree serviced. *See* Exs. A and B to Motion to Dismiss. By doing so, he consented to receive phone calls from GreenTree on that phone number. *See, e.g.,* 23 FCC Rcd. at 565 n.36. Therefore, he cannot state a claim against GreenTree under the TCPA. *See, e.g., Gager v. Dell Fin. Serv.*, No. 11-2115,

---

[4]     A true and correct copy of the MHA Application was attached to GreenTree's Motion to Dismiss as Exhibit B.

[5]     A true and correct copy of the Form 4506-T, Request for Transcript of Tax Return was attached to GreenTree's Motion to Dismiss as Exhibit C.

4

2012 U.S. Dist. LEXIS 73752 (M.D. Pa. May 29, 2012) (dismissing TCPA claim as the plaintiff consented to the calls and could not revoke said consent).

### B. The TCPA Does Not Permit Revocation of Prior Express Consent.

To the extent the Complaint may be interpreted as contending that Plaintiff revoked his consent, again, it fails as a matter of law. There is nothing in the TCPA or its regulations that provide for the revocation of consent. *Compare* 47 U.S.C. § 227(b)(1)(A) *with Rules and Regulations Implementing the Tel. Consumer Protection Act of 1991; Junk Fax Prevention Act of 2005*, 71 Fed. Reg. 25967, 25972 (May 3, 2006) (revocation of consent provided for and described under TCPA facsimile advertising rules).

Further, Plaintiff's opposition fails to point to any law refuting GreenTree's contention that the TCPA provision underlying Plaintiff's claims does <u>not</u> specifically authorize a debtor's revocation of prior express consent. Plaintiff's opposition does nothing more than point to cases that did <u>not</u> consider whether prior express consent may be revoked under the terms of the TCPA. Plaintiff attempts to distinguish the most recent case on this topic, *Gager, supra*, merely by stating that the *Gager* Court's reasoning—that consent could not be revoked under the TCPA—"is inconsistent with the ordinary legal concept of 'consent.'" Pl. Resp., p. 8. Plaintiff relies on a 2008 FCC Order stating that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, *absent instructions to the contrary.*" See Pl. Resp., p. 8 (citing *Rules and Regulations Implementing the Tel. Consumer Protection Act of 1991*, 7 FCC Rcd. 8752, 8769 (1992)) (emphasis added).

The *Gager* Court, however, explicitly declined to follow the reasoning of the cases Plaintiff relies upon, noting that the FCC Order from 2008 requires that "such 'instructions to the contrary' are to be provided *at the time* a person 'knowingly release[s]' her telephone

5

number." *Gager*, 2012 U.S. Dist. LEXIS 73752, at *16 (citation omitted) (emphasis added). In fact, the *Gager* Court was explicit when it stated that "we do not find any TCPA provision allowing revocation." *Id.* at *15. As Plaintiff could not revoke his consent under the TCPA and, in any event, did not provide any instructions at the time he provided his phone number to GreenTree, *see* GreenTree's Motion, Exs. A-C, GreenTree's Motion to Dismiss should be granted.[6]

### C. Plaintiff's Claim For Treble Damages Does Not Satisfy *Twombly*.

Plaintiff seeks the award of treble damages alleging only that GreenTree's alleged violations of the TCPA were "willful." Compl., ¶ 13. As GreenTree pointed out in its opening brief, this wholly conclusory allegation cannot, and does not, pass muster under the pleading standard required by the Supreme Court. When deciding a motion to dismiss, the Court should accept well-pleaded facts in the complaint as true and consider whether those allegations state a claim to relief that is "plausible on its face." To do so, Plaintiff must plead "factual content that allows the court to draw the reasonable inference that [a] defendant is liable for the misconduct

---

[6] Further, and in violation of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Complaint is ambiguous as to how and when Plaintiff allegedly revoked his consent to receive phone calls on his cell phone. While a number of cases without fully considering the issue have concluded that consent may be revoked, they have also concluded that consent may only be revoked in writing. *See Gutierrez v. Barclays Group*, No. 10cv1012, 2011 U.S. Dist. LEXIS 12546 (S.D. Cal. Feb. 9, 2011) (defendant only claimed that revocation must be in writing, so court did not analyze whether revocation of prior express consent was impossible); *Adamcik v. Credit Control Servs., Inc.*, No. A-10-CA-399-SS, 2011 WL 6793976 (W.D. Tex. Dec. 19, 2011) (merely recognizing that the TCPA is silent on how consent to receive autodialed calls can be revoked); *Starkey v. Firstsource Advantage, LLC*, No. 07-CV-662A(Sr), 2010 U.S. Dist. LEXIS 60955 (W.D.N.Y. Mar. 11, 2010) (written revocation of consent permissible under the TCPA). Plaintiff fails to allege that he revoked his consent in writing and fails to attach any such document to his bare bones Complaint.

6

alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)).

Plaintiff's opposition does nothing to refute this argument, instead relying on the standard for willfulness under the TCPA.[7] *See* Pl. Resp., p. 10. Whether the "standard" of willfulness applies to the TCPA is not the issue; the issue is whether Plaintiff has sufficiently pleaded facts so this Court can determine whether GreenTree willfully violated the TCPA in any respect. Surely, simply stating that the violations of the TCPA were "willful" does not permit this Court to make such a determination. Therefore, Plaintiff has not alleged any basis on which the Court could award him treble damages and GreenTree's Motion should be granted.

### III. CONCLUSION

For all of the foregoing reasons and the reasons set forth in Defendant's opening brief, GreenTree respectfully requests that the Court grant its Motion to Dismiss.

Respectfully submitted,

/s/ Marshall L. Blankenship
One of the attorneys for Defendant

James D. Adducci
Marshall L. Blankenship
Adducci, Dorf, Lehner, Mitchell
   & Blankenship, P.C.
150 North Michigan Avenue, Suite 2130
Chicago, Illinois 60601
(312) 781-2800

---

[7] While Plaintiff correctly recites Rule 9 of the Federal Rules in his opposition, this does nothing to cure his defective pleading that is devoid of any facts to show how GreenTree in any way acted willfully in violating the TCPA. 556 U.S. at 678.

Of Counsel:

Alan S. Kaplinsky
Martin C. Bryce, Jr.
Keith B. Joseph
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500

Dated: September 12, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September, 2012, I caused a true and correct copy of the Reply in Further Support of Defendant's Motion to Dismiss to be served via ECF electronic transmsision on plaintiff's counsel below:

> Alexander H. Burke
> aburke@burkelawllc.com
> Burke Law Offices, LLC
> 155 N. Michigan Avenue
> Suite 9020
> Chicago, Il  60601

/s/     Marshall L. Blankenship
Marshall L. Blankenship
