IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARY HANLEY on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) 1:12-cv-4158 ) |
| v. | ) Judge Castillo ) |
| GREEN TREE SERVICING LLC., | ) ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S NOTICE OF ADDITIONAL AUTHORITY**

Defendant GreenTree Servicing LLC ("GreenTree") hereby responds to Plaintiff's Notice of Additional Authority. Plaintiff's Notice of Additional Authority—a decision from a court outside of the Seventh Circuit—is inapposite. Plaintiff contends that the recently decided case, *Chesbro v. Best Buy Stores, L.P.*, No. 11-35784, 2012 WL 4902839 (9th Cir. Oct. 17, 2012), is relevant to GreenTree's pending Motion to Dismiss. Simply put, Plaintiff is incorrect.

First, Plaintiff appears to have filed this Notice with the Court because he asserts that the *Chesbro* decision "bears on the issue of whether a consumer may revoke his consent to be called with an automatic telephone dialing system or prerecorded voice." Yet, the *Chesbro* Court concluded, without discussion, that Chesbro did not consent to receive the phone calls at issue in the first place. *Id.* at *4 ("Any assertion that Chesbro . . . consented to receiving these communications . . . is unpersuasive"). While this could be considered a short mention of consent, certainly there is no discussion of <u>revocation</u> anywhere in the opinion.

Second, the calls at issue in the *Chesbro* case were a completely different type of call from those at issue in the present case. *Chesbro* contains a lengthy discussion of

telemarketing phone calls. *Id.* at *2-*4. By contrast, the calls in the present case deal solely with calls that GreenTree allegedly made to Plaintiff as his creditor on a phone number that Plaintiff admittedly provided to GreenTree. Plaintiff has never alleged that the calls at issue in the instant case were telemarketing phone calls. Thus, the *Chesbro* case does nothing to undermine the fact that prior express consent is deemed to exist if: (1) the wireless number was provided by the consumer to the creditor, and (2) such number was provided during the transaction that resulted in the debt owed. *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, Request of ACA Int'l for Clarification and Declaratory Ruling*, 23 FCC Rcd. 559, 564-65 (2008).

Finally, the *Chesbro* case says absolutely nothing about whether consent can even be revoked under the terms of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). The *Chesbro* case, then, is another case—just like the many that Plaintiff relied upon in his Response to GreenTree's Motion to Dismiss—where the Court did <u>not</u> consider whether prior express consent may be revoked under the terms of the TCPA. Therefore, the *Chesbro* case should have no bearing on GreenTree's pending Motion to Dismiss.

        Respectfully submitted,

        /s/     James D. Adducci
              James D. Adducci
              Marshall L. Blankenship
        ADDUCCI, DORF, LEHNER,
         MITCHELL & BLANKENSHIP
        150 North Michigan Avenue
        Suite 2130
        Chicago, IL 60601
        Telephone: 312.781.2807
        Facsimile: 312.781.2811

        Attorneys for Defendant
        Green Tree Servicing, LLC

OF COUNSEL:

Martin C. Bryce, Jr.
Keith B. Joseph
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
Telephone: 215.665.8500
Facsimile:  215.864.8999

Dated:  November 8, 2012

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of November, 2012, I caused a true and correct copy of the Response to Plaintiff's Notice of Additional Authority to be served via ECF electronic transmission on plaintiff's counsel below:

> Alexander H. Burke
> aburke@burkelawllc.com
> Burke Law Offices, LLC
> 155 N. Michigan Avenue
> Suite 9020
> Chicago, Il 60601

/s/     James D. Adducci