# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GARY HANLEY, on behalf of himself and others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) No. 12 C 4158 |
| v. | )<br>) |
| | ) Judge Ruben Castillo |
| GREEN TREE SERVICING, LLC, | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Gary Hanley brings this putative class action against Green Tree Servicing, LLC, ("Green Tree") seeking relief for alleged violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227. (R. 1, Compl. ¶ 1.) Presently before the Court is Green Tree's motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 17, Def.'s Mot.) For the reasons set forth herein, Green Tree's motion is granted.

## RELEVANT FACTS

Hanley is a homeowner who resides in this judicial District. (R. 1, Compl. ¶ 4.) Green Tree is the servicer of the mortgage on Hanley's home. (*Id.* ¶ 5.) Hanley stipulates that his cellular telephone number is 630-xxx-5690. (*Id.* ¶ 4.) Hanley alleges that "Defendant called Plaintiff's cellular telephone on multiple occasions over the past four years using an automatic telephone dialing system [("ATDS")] and/or an artificial or prerecorded voice." (*Id.* ¶ 7.) Hanley also alleges that Green Tree made these calls "after plaintiff demanded that the calls stop." (*Id.*) Hanley further alleges that these acts were

1

done in violation of the Telephone Consumer Protection Act of 1991 ("TCPA" or the "Act"), 47 U.S.C. § 227. (*Id.* ¶ 1.) This is the entirety of the facts pleaded in Hanley's complaint.

## PROCEDURAL HISTORY

On May 29, 2012, Hanley commenced this cause of action by filing a complaint with this Court on behalf of himself and others similarly situated. (R. 1, Compl.) Hanley also requested that the Court certify a class of plaintiffs comprised of the people in this District who received calls through Green Tree's ATDS after demanding that such calls stop. (*Id.* ¶ 14.) Hanley alleges one count against Green Tree. (*Id.* ¶¶ 9-13.) In Count I of Hanley's complaint he claims that Green Tree violated the TCPA, which prohibits the use of an ATDS or artificial or prerecorded voice to call any cellular telephone, by using such a device to call Hanley and putative class members after they demanded that the calls stop. (*Id.* ¶¶ 6, 7, 10.) Hanley claims that Green Tree ignored his demand that the calls cease, allegedly in violation of the TCPA as stated in 47 U.S.C. § 227(b). (*Id.* ¶ 10.)

Hanley and putative class members seek relief in four forms: first, they seek statutory damages of $500 per violation of the Act and treble damages ($1,500) if any given violation of the Act is proven to be willful; second, they seek a permanent injunction against Green Tree enjoining it from calling their telephone numbers using an ATDS; third, they seek a declaration that Green Tree used an ATDS to call Hanley and putative class members in violation of the TCPA; and finally, they seek any other relief that the Court finds "just and proper." (*Id.* ¶ 21.) On July 16, 2012, the parties entered into a joint stipulation requesting that the motion for class certification be withdrawn without prejudice in order to allow more time for discovery. (R. 16, J. Stip.)

On July 18, 2012, in response to Hanley's complaint, Green Tree filed the instant motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 17, Def.'s Mot.) Green Tree argues that Hanley has failed to state a plausible entitlement to relief under the governing pleading standards, and in particular that Hanley has not alleged or established that Green Tree lacked consent to make the prerecorded phone calls under the TCPA. (R. 22, Def.'s Mem. at 1.) Additionally, Green Tree argues that Hanley states no basis upon which treble damages can be awarded. (*Id.*)

On August 21, 2012, Hanley filed a response to Green Tree's motion to dismiss. (R. 25, Pl.'s Resp.) Hanley first contends that in a TCPA case proving prior express consent to calls by an ATDS is an affirmative defense that a defendant must prove and not an element of a plaintiff's *prima facia* claim under the Act. (*Id.*) Hanley also argues that he is only required to plead general facts as to the state of mind of Green Tree to recover treble damages; in this case, negligent, willful, or knowing. (*Id.*)

On October 29, 2012, Hanley moved to submit additional authority to the Court, (R. 35, Pl.'s Mot. Add'l Authority I), which the Court granted on November 8, 2012, (R. 38, Min. Entry). In particular, Hanley wanted to draw the Court's attention to a then-recently decided opinion of the Ninth Circuit Court of Appeals, *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913 (9th Cir. 2012). (R. 35, Pl.'s Mot. Add'l Authority I.) Green Tree responded to Hanley's motion by arguing the merits of why *Chesbro* is inapposite to the case at hand. (R. 39, Def.'s Resp. to Pl's Mot. Add'l Authority I.)

On December 5, 2012, Hanley again moved for leave to submit additional authority, (R. 40, Pl.'s Mot. Add'l Authority II), which the Court granted on December

3

11, 2012, (R. 43, Min. Entry). In this motion Hanley asked the Court to take notice of the Federal Communication Commission's (the "FCC") declaratory ruling in *In re Rules and Regulations Implementing the Tel. Consumer Protection Act of 1991, Declaratory Ruling as to Petition of SoundBite Communications, Inc.*, CG Docket No. 20-278 (Nov. 29, 2012) ("*SoundBite Ruling*"). (R. 40, Pl.'s Mot. Add'l Authority II.) Green Tree responded to Hanley's motion on December 10, 2012, arguing that the *SoundBite Ruling* does not apply to this case. (R. 42, Def.'s Resp. to Pl's Mot. Add'l Authority II.) The Court took Green Tree's response under advisement when it granted Hanley leave to file this additional authority. (R. 43, Min. Entry.)

Presently before the Court is Green Tree's Rule 12(b)(6) motion to dismiss Hanley's complaint for failure to state a claim upon which relief can be granted. (R. 17, Def.'s Mot.)

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion is not to decide or rule on the merits of the case at bar; rather a Rule 12(b)(6) motion tests only the legal sufficiency of the complaint, *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990), "to state a claim upon which relief may be granted," *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009); *see also Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). Because a motion to dismiss tests the legal sufficiency of a pleading, when considering a Rule 12(b)(6) motion to dismiss the Court construes the complaint in the light most favorable to the plaintiff, entitles all of the well-pleaded *factual* allegations in the plaintiff's complaint to the assumption of truth, and draws all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 680

4

(2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Ill., ex rel. Madigan v. Telemarketing Assocs., Inc.*, 538 U.S. 600, 618 (2003); *Graczyk v. W. Publ'g Co.*, 660 F.3d 275, 279 (7th Cir. 2011). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal quotation marks omitted)). "*Iqbal* clarified . . . [that] although the complaint's factual allegations are accepted as true at the pleading stage, allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678 (2009). Thus, on a motion to dismiss "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to [the] presumption of truth." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 679).

The Court begins with the text of Rule 8 of the Federal Rules of Civil Procedure, which sets forth the "general rules of pleading" claims in federal court. Fed. R. Civ. P. 8. Rule 8 states in relevant part: "A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Interpreting Rule 8, the Supreme Court has held that "[d]etailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). If the factual allegations are well-pleaded, the Court assumes their veracity and then proceeds to determine whether they plausibly give rise to an entitlement to relief. *Id.* A claim has

facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678.

The *Twombly/Iqbal* "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). In this context, "plausibility" does not imply that the Court should decide which parties' version of the pleaded facts to credit as true, or which version is more likely true than not. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Rather, the plausibility standard means that "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen." *Id.*

Thus, a motion to dismiss may be properly granted in favor of the moving party where the plaintiff does not plead a plausible entitlement to relief, either by failing to provide the defendant with notice of plausible claims pleaded against it or else by asserting in the complaint only speculative, conclusory, or threadbare pleadings devoid of the requisite factual pleadings that plausibly suggest an entitlement to relief.

## ANALYSIS

This case is much ado about nothing. At least that is the conclusion that the Court must reach after reviewing Hanley's wholly inadequate complaint in which next to nothing is pleaded. In 1991, Congress enacted the TCPA, as codified in section 227 of

6

the Communications Act of 1934, as amended. 47 U.S.C. § 227. Congress's intent in passing the Act was to prohibit telemarketing by telephone, fax, and ATDS, which had become a nuisance and an affront to the privacy rights of consumers. *Mims v. Arrow Fin. Servs., LLC*, —U.S. —, —, 132 S. Ct. 740, 744 (2012). In particular, in passing the TCPA Congress wished "to protect residential telephone subscriber privacy rights by restricting certain commercial solicitation and advertising uses of the telephone and related telecommunications equipment." H. R. No. 102-317, at 6-7 (1991).

Congress delegated to the FCC the power to make rules and regulations necessary to implement the TCPA. 47 U.S.C. § 227(b)(2); *see also* H. R. No. 102-317, at 6 (1991). The Supreme Court has explained that Congress delegated such power to the FCC with the expectation that the Agency would clarify and supplement the Act by filling its interstices through promulgating rules and regulations with the force of law. *Global Crossing Telecomm., Inc. v. Metrophones Telecomm., Inc.*, 550 U.S. 45, 57-58 (2007) (citing *United States v. Mead Corp.*, 533 U.S. 218, 229 (2001); *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 975 (2005); *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843-44 (1984)).

The substantive provision of the Act that is applicable to this case makes it unlawful for persons "(A) to make any call (other than a call made for emergency purposes *or made with the prior express consent of the called party*) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis supplied); *see also In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991 ("Declaratory Ruling")*, 23 F.C.C.R. 559, 568 (F.C.C. 2008).

To state a cause of action under the TCPA, a plaintiff must allege that: (1) a call was made; (2) the caller used an ATDS or artificial or prerecorded voice; (3) the telephone number called was assigned to a cellular telephone service; and (4) the caller did not have prior express consent of the recipient. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1); *Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F. Supp. 2d 898, 905 (N.D. Ill. 2012) (Castillo, J.) (citing *Pimental v. Google Inc.*, No. 11–2585, 2012 WL 691784, at *2 (N.D. Cal. Mar. 2, 2012)). In his complaint, Hanley pleads that "Defendant called [his] cellular telephone on multiple occasions over the past four years using an [ATDS] and/or artificial or prerecorded voice." (R. 1, Compl. ¶ 7.) Hanley further pleads that Green Tree made these alleged calls after he "demanded that the calls stop." (*Id.*)

"It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson*, 614 F.3d at 403. The Seventh Circuit has read "the Court in *Iqbal* to be admonishing those plaintiffs who merely parrot the statutory language of the claims that they are pleading . . ., rather than providing some specific facts to ground those legal claims[.] [Such plaintiffs] must do more." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Hanley is just such a plaintiff. In discussing the objectives of *Twombly* and *Iqbal*, the Seventh Circuit has stated:

> [O]ne sees more or less what the Court was driving at: the fact that the allegations undergirding a plaintiff's claim could be true is no longer enough to save it. *Twombly* and *Iqbal* do not reject the principle that when a complaint is dismissed for failure to state a claim the reviewing court is to assume that the factual allegations made in the complaint (unless fantastic, or contradicted in the complaint itself or in documents attached to it) are true. But the complaint taken as a whole must establish a nonnegligible probability that the claim is valid, though it need not be so

great a probability as such terms as "preponderance of the evidence" connote.

*Atkins v. City of Chi.*, 631 F.3d 823, 831-32 (7th Cir. 2011) (Posner, J.).

The governing pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Yet that is precisely what Hanley supplies to the Court in his complaint: a complaint that, by its own terms, pleads only three factual allegations, one of which is not actually a fact at all but rather a legal conclusion and thus not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 681; (R. 1, Compl. ¶¶ 6-8). Such a complaint is not sufficient under the governing pleading standards of Rule 8 and does not give rise to a plausible entitlement to relief as required by *Twombly* and *Iqbal*. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555, 557) (internal citation and quotation marks omitted); *see also McReynolds*, 694 F.3d at 886. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 681 (citing *Twombly*, 550 U.S. at 555). The Seventh Circuit, asking, "what do we take away from *Twombly, Erickson,* and *Iqbal*?" answered that one of the things it takes away from this troika of cases is that "in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks*, 578 F.3d at 581. Hanley's complaint is patently insufficient under the pleading standards governing Rule 8 as interpreted by the Supreme Court in *Twombly, Erickson,* and *Iqbal*, and as subsequently construed by the Seventh Circuit Court of Appeals.

Hanley does not plead how many calls Green Tree allegedly made to him in violation of the Act. Nor does Hanley plead when the allegedly offending calls were made. He does not plead when he asked Green Tree to cease calling him, nor how he asked. The factual allegations in the complaint represent nothing more than "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and such "[t]hreadbare recitals . . . supported by mere conclusory statements do not suffice," *Iqbal*, 556 U.S. at 678. Hanley merely states what he understands the TCPA to proscribe, and then goes on to plead threadbare and conclusory facts that allege the elements of a *prima facie* cause of action under the Act, but nothing more. Hanley's complaint, therefore, is highly suspect because it merely recites naked facts mimicking the elements of a cause of action under the TCPA. *See McCauley*, 671 F.3d at 617 (holding that the plaintiff's complaint was insufficient under *Twombly* and *Iqbal* because most of the facts alleged were "actually legal conclusions or elements of the cause of action, which may be disregarded on a motion to dismiss").

The Court explained in *Iqbal* that "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The Court finds that Hanley has at most pleaded only a "sheer possibility" that Green Tree violated the Act—this will not do. *See id.*; *see also McReynolds*, 694 F.3d at 886 (finding that the plaintiff's allegations that the defendant "intentionally designed the retention program based on production levels that incorporated the effects of past discrimination, and that the firm did so with the intent to discriminate against black brokers. Stated as such, [were] merely conclus[ory allegations that were insufficient

10

under *Iqbal* and] unsupported by the necessary *factual* allegations to support a reasonable inference of discriminatory intent."). Hanley's complaint does not describe his claims or the grounds supporting them in sufficient detail in order to give Green Tree the fair notice that *Twombly* demands. *See Twombly*, 550 U.S at 555 ("Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.") (quoting *Conley*, 355 U.S. at 47) (internal quotation marks and alterations omitted). Nor does he plead sufficient facts to give rise to a plausible entitlement to relief. *See Iqbal*, 556 U.S at 678-79 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). In sum, Hanley's complaint taken as a whole fails to "establish a nonnegligible probability that the claim is valid[.]" *Atkins*, 631 F.3d at 831-32. In this case, there are *no facts* from which the Court may "infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (internal quotation marks omitted). As in *Iqbal* "the complaint has alleged—but it has not shown—that [Hanley] is entitled to relief." *Id.* Indeed, he is not so entitled. Therefore, Hanley's complaint, which fails to satisfy the liberal pleading standards required of claims brought in federal court pursuant to Rule 8 of the Federal Rules of Civil Procedure, must be dismissed.

During the pendency of this case Hanley has filed numerous pleadings, including motions for the extension of time and motions for leave to submit additional authority to the Court. At no point during any of this time, however, did Hanley move for leave to

file an amended complaint. Even after Green Tree's motion to dismiss was filed, which must have alerted Hanley to the possible pleading problems in his complaint, he still did not seek to amend. Ordinarily this Court, when dismissing a complaint on *Twombly/Iqbal* inadequate pleading grounds, would grant the plaintiff leave to amend the insufficient complaint. "Leave to amend need not be granted, however, if it is clear that any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). The Court is persuaded that in this case granting Hanley leave to amend would be completely futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (Leave to amend should be freely granted in the discretion of the district court "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."—that compel the court to deny leave to amend.); *Bausch v. Stryker Corp.*, 630 F.3d 549, 562 (7th Cir. 2010) ("A district court may deny leave to file an amended complaint in the case of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.") (internal quotation marks omitted). Therefore, the Court's dismissal of Hanley's complaint is with prejudice.

## CONCLUSION

For the reasons set forth above, Green Tree's motion to dismiss (R. 17) is GRANTED, and Hanley's complaint is dismissed. The Clerk of the Court is directed to enter judgment in favor of Green Tree Servicing, LLC and against Gary Hanley.

ENTERED: /s/

Judge Ruben Castillo
United States District Court

**Dated: March 21, 2013**